UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

J & J SPORTS PRODUCTIONS, INC.            PLAINTIFF

v.            CIVIL ACTION NO. 3:10CV-730-S

EL REY MEXICAN RESTAURANT, LLC, et al.            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge on the issue of damages for violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

Default judgment was entered in this matter.[1] In support of its proof of damages, J & J Sports Productions, Inc. ("J & J") submitted the affidavit of Corey Robinson, an employee of Audit Masters, who visited El Rey Mexican Restaurant ("El Rey") on December 6, 2008 at approximately 9:16 p.m. and observed the preliminary bout to the Oscar De la Hoya vs. Manny Pacquiao welterweight boxing championship fight being displayed on two standard-sized television sets. There were six persons, including employees present inside the restaurant. The auditor's report does not differentiate between employees and patrons. The auditor saw no promotional materials, and no cover charge was required. He observed no external advertising of the broadcast. His report does not mention any fight-related sales of food or beverages.

---

[1] Default judgment was entered against both defendants, El Rey Mexican Restaurant, LLC and Reydecel Holguin. In May, 2014, notice was filed of the December, 2013 death of Holguin from a self-inflicted gunshot wound to the head. The unattested notice further stated that Holguin died leaving behind "no estate or funds." DN 30. There has been motion for substitution filed within the statutory period, and the magistrate judge recommended that the court vacate the entry of default and dismiss the complaint against Holguin. The court agrees that this is the proper course of action.

The magistrate judge engaged in a thorough analysis and determined that an award of $1,000.00 in statutory damages under § 605(e)(3)(C)(i) was appropriate, noting that this was at the lowest end of the range under § 605, but 400% larger than the minimum statutory amount available under § 553. The court finds the magistrate judge's analysis to be sound.

The magistrate judge also recommended an award of $1,000.00 for willful violation of § 605, reciting the often-quoted line in these cases that "Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F.Supp.2d 485, 489 (S.D.N.Y. 1999). However in this instance, the court will, in its discretion, decline to award enhanced damages for willful violation of § 605. *Kingvision Pay-Per-View v. Langthorne*, 2001 WL 1609366 (D.Mass. 2001).

The court finds the plaintiff's evidence of willfulness weak inasmuch as there is little to support a conclusion that the underlying violation was undertaken for commercial advantage or private financial gain. § 605(e)(3)(C)(ii). The preliminary bout to the De la Hoya/Paquiao fight was indeed televised on the premises of El Rey on December 6, 2008. Statutory damages are properly to be imposed for that conduct. However, the fact that only six individuals were in the establishment and the auditor did not indicate how many of those individuals, if any, were patrons militates against finding that the violation was undertaken for commercial advantage or private financial gain. As stated earlier, there was no advertising, inside or outside, there was no cover charge, and there were no promotional activities or fight-related sales of food or beverages noted by the auditor. Thus the basis for a finding of willfulness in this case is the fact that the place of the violation was open to the public and that the connection to the broadcast was presumptively intentional. The court

concludes that the evidence in this instance does not warrant a finding of willfulness, and will decline, in its discretion, to award damages for willful conduct.

The court finds that the magistrate judge properly evaluated the request for attorney's fees and costs under the "Lodestar" method. The magistrate judge's recommended award of $1,830.00 in attorney's fees and $965.27 in costs will be accepted and adopted by the court.

A separate order and judgment will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

October 29, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record

El Rey Mexican Restaurant, LLC
Reydecel Holguin
P.O. Box 91769
Louisville, Kentucky 40291-0769